### ANDREWS and others *v.* EAMES.[*]

(*Circuit Court, D. Connecticut.* February 8, 1883.)

1. PATENT LAW—INFRINGEMENT.

The questions which arise in this case are the same as those in the earlier cases of *Andrews* v. *Carman*, reported in 13 Blatchf. C. C. 307, and *Andrews* v. *Cross*, reported in 8 FED. REP. 269, in which the same party is plaintiff, and the opinions of Judge BENEDICT and BLATCHFORD in those cases are followed by this court without discussion.

2. DRIVEN WELL—INFRINGEMENT—BORING THROUGH HARD SOIL.

It is no argument against infringement on the "driven-well" patented process of well-driving, that in certain soils it is necessary to bore or dig through the hard soil which lies over the sources of water-supply, provided, before a supply of water is reached, the patented process is threafter used.

In Equity.

*E. H. Hyde, Jr., J. C. Clayton,* and *A. Q. Keasbey,* for plaintiffs

*C. S. Hamilton* and *Charles R. Ingersoll,* for defendant.

SHIPMAN, J. This is a bill in equity to restrain the defendant from the infringement of reissued letters patent to Nelson W. Green, dated May 9, 1871, and commonly known as the "Driven-well Patent." The original patent was issued January 14, 1868. The litigation upon the construction and validity of this patent began in the United States circuit court for the eastern district of New York.

[*]Affirmed. See 7 Sup. Ct. Rep. 1073.

Judge BENEDICT's opinion, sustaining the patent, (*Andrews* v. *Carman*, 13 Blatchf. C. C. 307,) has been followed by Judge BLATCHFORD, (*Andrews* v. *Cross*, 8 FED. REP. 269,) and by the circuit courts in other districts, wherever the question has been tried. The decision of Judge GRESHAM in *Hine* v. *Wahl*, also sustaining the patent, has recently been affirmed by an equally-divided supreme court. In this state of the litigation the construction which was given to the patent by Judges BENEDICT and BLATCHFORD will be followed without discussion. The defendant relied upon the invalidity of the reissued patent, its want of novelty, and upon non-infringement.

The first defense presents a question upon which I much desired to read the views of the supreme court in *Hine* v. *Wahl*, where the question was directly made; but, in view of the fact that the court did not declare the reissue invalid, it is not improper to regard the patent as sustained. I may add that my own opinion tends in favor of the validity of the reissue.

Upon the question of novelty, the Goode patent and the other printed exhibits have reference to an artesian well made by boring, and not to a well made by driving and without moving the earth upward.

The remaining question is that of infringement. The defendant's two wells were made by Frederick B. Platt and Daniel Clark. Platt's testimony is as follows:

*Question* 6. State fully and particularly the process used by you in constructing these wells? *Answer.* We had a hollow auger that bored a hole about three inches in diameter, with which we bored the hole till we struck water; then we coupled the pipe together, and either drove or pressed the pipe into the water below the strainer. *Q.* 7. What do you mean by driving or pressing the pipe into the water below the strainer. *A.* I mean by driving the pipe, striking it on top with a maul; and by pressing it, we put a chain on the pipe above, and used a lever with a purchase to push it down; this was done after the hole was bored. *Q.* 10. How far did you ordinarily drive or press the pipe? *A.* From three to five feet. *Q.* 11. Into what did you drive or press the pipe? *A.* Into the wet sand. *Q.* 20. Describe fully and particularly the process used by you in constructing these [the defendant's] wells, specifying what difference there was, if any, between them? *A.* I don't know as there was any difference from what I have described; we bored a hole, as I said before, in the ground to the water, inserted the pipe, and either drove or pressed the pipe into the water from three to six feet, and attached a pump to the top; a pump constructed for a driven well, I believe. *Q.* 21 What do you mean by into the water? *A.* The water in the ground. *Q.* 22. You did not strike a solid body of water, did you? *A.* I struck water enough to supply the pump; that was all we was after, generally. *Q.* 23. Do you mean by into the water, into the water-bearing stratum of the earth?

*A.* I suppose so. *Q.* 24. What was your object in driving or pressing the pipe in the manner which you have testified? *A.* To get a supply of water for the pump. *Q.* 25. State whether or not a supply of water was furnished for the pump before the pressing or driving took place. *A.* It was not. *Q.* 29. State whether or not, after driving or pressing the pipes, as you have testified to, you removed any earth upward in constructing these wells? *A.* No sir.

The testimony of Clark is more brief, but to the same effect.

The defendant's counsel strenuously urge that these wells were constructed by boring; that the wells were bored until water was struck—that is, until a supply of water was obtained; and that the wells were finished by pressing the pipe more deeply into the source of supply which had been reached when the workmen "struck water." In other words, the defendant seeks to bring the case within the decision of Judge McCRARY in *Andrews* v. *Long*, 12 FED. REP. 871.

In this case, however, the witnesses, when they used the common expression "struck water," did not mean that they had reached an adequate source of supply for a well, but that they had reached a place where the presence of water manifested itself, and where by continuous excavation an adequate supply would be attained. The wet sand or wet clay upon the auger showed that water was at hand. The well was then finished, and a supply of water was obtained by pressing or driving a tube into the ground, without removing the earth upward, and attaching thereto a pump. When this was done, there was put "to practical use the new principle of forcing the water in the water-bearing strata of the earth from the earth into a well-pit by the use of artificial power applied to create a vacuum in the water-bearing strata of the earth and at the same time in the well-pit." *Andrews* v. *Cross*, 8 FED. REP. 269.

A workman in our New England soil would not ordinarily be able to drive or press a tube into the stony or tough crust which must be penetrated before water-bearing strata are reached. But it is no adequate argument against infringement that it is necessary to bore or dig into the rough and hard soil, or the mass of tough clay which lies over the sources of water supply, provided, before a supply of water is reached, the patented process is thereafter used for the purpose of obtaining an adequate flow of water upon the surface of the ground.

Let there be the usual decree for an injunction and an accounting.